In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3782

SEAN REEVES, by his parents and next
friends, JOHN AND DIANA REEVES,

*Plaintiffs-Appellants*,

*v.*

JEWEL FOOD STORES, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 cv 06919 — **Samuel Der-Yeghiayan**, *Judge.*

ARGUED MAY 20, 2014 — DECIDED JULY 17, 2014

Before KANNE, TINDER, and HAMILTON, *Circuit Judges.*

KANNE, *Circuit Judge.* Sean Reeves, who has Down syn-
drome, sued his former employer, Jewel Food Stores ("Jewel"),
for violating the Americans with Disabilities Act ("ADA"), 42
U.S.C. §§ 12101 *et seq.* Reeves alleged that Jewel had discrimi-
nated against him because of his disability in violation of the
ADA. He also claimed that Jewel had denied him a reasonable
accommodation. The district court granted summary judgment

in favor of Jewel on Reeves' discrimination claim and dismissed the failure-to-accommodate claim.

## I. BACKGROUND

Jewel Food Companies, a supermarket chain, employed Sean Reeves as a bagger at one of their stores from June 1997 until his dismissal in April 2005. Reeves has Down syndrome, a "genetic disorder which varies in severity, but causes lifelong intellectual disability and developmental delays." *Diseases and Conditions: Down syndrome*, Mayo Clinic (Apr. 19, 2014), http://www.mayoclinic.org/diseases-conditions/down-syndrome/basics/definition/con-20020948.

To help him perform essential job tasks, Reeves received an array of vocational tutoring early in his tenure with Jewel. A social service agency sent a job coach to work with Reeves, just as it had done for him throughout his prior jobs. Jewel's Service Manager also provided individual training for Reeves's daily tasks and helped Reeves calm down when he was frustrated.

Jewel also instituted supervision policies that applied only to Reeves. For instance, at the end of each day, Reeves's supervisor would complete an evaluation form that either approved or disapproved of Reeves's performance in five job categories. The form would then be sent to Reeves's parents, per their request. Reeves, unlike the other baggers, was also exempted from collecting shopping carts from the parking lot following an incident in which he was found directing customers how to park their cars.

From time to time, Reeves had trouble complying with Jewel's workplace rules. For instance, he cursed at a manager when the table at which he usually ate lunch was used for a wine tasting. He also once cursed within earshot of a customer about a woman who complained that Reeves ate her grapes as he was bagging them.

In March 2005, Reeves took an American flag pin from a store shelf without paying for it, apparently because he did not realize the pins were for sale. He was consequently written up for theft of store merchandise, which, under Jewel's policy, is cause for immediate termination regardless of the stolen item's value. Jewel, however, decided not to fire him at this time. Instead, Jewel notified Reeves's parents, who asked if Jewel could bring in a job coach. Reeves's supervisor deemed the extra instruction unnecessary, and Reeves did not receive the coaching.

On April 11, 2005, Reeves was terminated for cursing at another employee in violation of Jewel's employee policy. The cashier, who was under 21, had requested managerial assistance with ringing up alcohol for a customer. Reeves offered to help, but the cashier declined, stating that Reeves did not have the requisite training to supervise the transaction. Reeves, taking offense to the cashier's comments, said "fuck you, you stupid blonde," within earshot of a customer and at least two other employees. After investigation, Jewel fired Reeves for violating its disciplinary and anti-harassment policies.

Reeves filed a charge of discrimination with the Equal Employment Opportunity Commission. The EEOC concluded that there was reasonable cause to believe both that Jewel

discriminated against Reeves because of his disability and that Jewel engaged in a pattern and practice of denying reasonable accommodations to a class of disabled employees (which included Reeves). In keeping with this conclusion, the EEOC issued Reeves a Right to Sue Notice.

Reeves's parents and legal guardians, John and Diana, then sued Jewel on his behalf. Jewel moved for summary judgment, which the district court granted. In doing so, the court found that Reeves had waived his failure-to-accommodate claim by not including it in his complaint. It further noted that the claim would have failed on the merits, citing the numerous accommodations Jewel had made for Reeves during his employment and the fact that Jewel did not explicitly reject the Reeves's job coach suggestion.

## II. ANALYSIS

The principal issue on appeal is whether the district court erred by dismissing Reeves's failure-to-accommodate claim. Although we disagree with the district court that the claim was waived, we do agree with its conclusion that the claim fails on the merits, and ultimately with its grant of summary judgment in favor of Jewel.

We review the district court's grant of summary judgment *de novo*, taking all facts in the light most favorable to Reeves, the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate when there is no genuine issue of material fact and thus nothing for a jury to decide. *Bunn v. Khoury Enters., Inc.*, — F.3d —, 2014 WL 2198557 at *3 (7th Cir. May 28, 2014).

The district court held that Reeves waived any failure-to-accommodate claim because he did not include it in his complaint. But his complaint did allege a claim for discrimination under the ADA, and ADA discrimination includes a failure to accommodate. 42 U.S.C. § 12112(b)(5)(A) (defining "discrimination" to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability"). Plaintiffs need only plead facts, not legal theories, in their complaints. *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 742 (7th Cir. 2010). Reeves pled a number of facts relevant to his failure-to-accommodate claim in his complaint. This was sufficient to preserve the argument.

Even though the claim was properly before the court, however, Reeves cannot make out a valid failure-to-accommodate claim. To survive summary judgment on such a claim, a plaintiff must point to evidence that, if believed by a jury, would demonstrate that (1) he is a qualified individual with a disability, (2) his employer was aware of the disability, and (3) his employer failed to reasonably accommodate that disability. *Ekstrand v. Sch. Dist. of Somerset*, 583 F.3d 972, 975 (7th Cir. 2009). There is no dispute as to the first two requirements; the only issue is whether Reeves presented evidence that Jewel failed to reasonably accommodate his Down syndrome.

Reasonable accommodations are "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable [a qualified] individual with a disability ... to perform the essential functions of that position[.]" 29 C.F.R. § 1630.2(o)(1)(ii). Once an employee

requests a reasonable accommodation, the employer must meet the employee half way and engage in a "flexible, interactive process" to identify the necessary accommodations. *Basden v. Prof'l Transp., Inc.*, 714 F.3d 1034, 1038 (7th Cir. 2013). Both parties are responsible for determining what accommodations are needed. *Bultemeyer v. Fort Wayne Cmty. Schs.*, 100 F.3d 1281, 1285 (7th Cir. 1996). Where the employee does not provide sufficient information to the employer to determine the necessary accommodations, the employer cannot be held liable for failing to accommodate the disabled employee. *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1135 (7th Cir. 1996).

After the flag pin incident, the parties agree that Diana Reeves suggested to Sean's supervisor that Reeves work with a job coach again. The supervisor told her not to worry, and that a job coach was not necessary. Diana Reeves did not press the issue, and did not ask again. She did not suggest that a job coach would help prevent future profane outbursts; indeed, she did not request a job coach after any of Sean's previous infractions that involved cursing in front of customers. On these undisputed facts, Diana Reeves did not make "reasonable efforts to help the other party decide what reasonable accommodations are necessary." *Id.* After being told that Jewel did not think the job coach was necessary, she did not suggest alternative accommodations or express a fear Sean would have additional, more serious, behavior problems. A tentative request for an accommodation to address minor theft does not imply a request for an accommodation for inappropriate verbal outbursts that violate the employer's anti-harassment policies.

We note that the predicted testimony of the job coach Reeves sought to certify as an expert witness has no bearing on our holding. The job coach's testimony concerned the effectiveness of job coaching and concluded that job coaching after the flag pin incident could have prevented Reeves's later misbehavior. This may well be true, but as noted above, the original accommodation request concerned the mistaken theft of a small piece of merchandise. There was no discussion of accommodations to prevent Reeves from cursing in front of customers. The testimony of the job coach does not affect this conclusion; if it was excluded in error, such error was harmless.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment on Reeves's failure-to-accommodate claim.