**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 6, 2015[*]
Decided January 6, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2540

| | |
|---|---|
| TAJUDEEN LASISI, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 13 C 5293 |
| FOLLETT HIGHER EDUCATION GROUP, INC., | Ronald A. Guzmán, |
|     *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Tajudeen Lasisi worked for Follett Higher Education Group, Inc., as a Senior Programmer Analyst installing, analyzing, and maintaining computer programs. He was fired after roughly a year and a half on the job and sued the company under the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Americans with Disabilities Act, 42 U.S.C. §§ 12112(a), 12203(a). Lasisi alleges that he was disabled by a herniated disc in his spine and the adverse effects of medication, that Follett refused to accommodate his disability, and that the company disciplined and fired him in retaliation for his accommodation requests. After Lasisi failed to participate in discovery and disregarded discovery orders, the district court sanctioned him by barring him from submitting evidence in response to Follett's motion for summary judgment. The court then granted summary judgment for Follett. Lasisi challenges these decisions on appeal, but we find no error and thus affirm the judgment.

From the get-go, Lasisi's prosecution of the suit (which Follett had removed from state court) was sporadic. He missed the first two status hearings, prompting the district judge to threaten sanctions. Eventually the district judge set a schedule that gave the parties four months (until March 2014) to conduct fact discovery, and the case was referred to a magistrate judge for discovery supervision. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). Follett later moved to compel discovery responses, contending that Lasisi was ignoring interrogatories, requests for production, and attempts to schedule his deposition. The magistrate judge granted the motion after Lasisi failed to attend a hearing on it. The judge gave Lasisi three weeks to respond to Follett's discovery requests and ordered him to provide a date on which he would submit to a deposition.

During the next two months of discovery, Lasisi did not obey the judge's order, but he did amend his complaint. Two weeks after amending, Lasisi missed another status hearing. The district judge ordered him to appear the following month or face possible sanctions, including dismissal of the suit. Lasisi appeared at the next hearing and moved to extend the discovery deadline, arguing that he had been ill and that his medication had made him lethargic. The district judge granted the motion in part, giving Lasisi more time to arrange for his deposition.

When its discovery requests still went unanswered, Follett moved the magistrate judge for rule to show cause why Lasisi should not be sanctioned for failing to comply with the order compelling discovery. The company stated that Lasisi had not produced documents, responded to interrogatories, or made himself available for a deposition as ordered by the court. Follett asked the court to dismiss the suit or bar Lasisi from testifying or presenting any undisclosed evidence. The magistrate judge concluded (at a hearing at which Lasisi failed to appear) that Lasisi had violated the order compelling discovery and recommended that the district judge bar him from offering any evidence in opposition to summary judgment or at trial.

After discovery ended, Follett moved for summary judgment, contending that it had accommodated Lasisi and that it had fired him for poor performance. The company's evidence showed that Follett warned Lasisi seven months before his firing that his job performance was subpar and discharged him because it did not improve. The evidence also showed that Lasisi had requested and received two accommodations. Shortly after starting the job, he had requested an ergonomic chair, which the company had provided. Months later, Lasisi had asked that his assignment be "restructured" or that he be assigned a different position. His doctor had recommended that Lasisi avoid repetitive tasks, take breaks every four hours, and limit "analytical tasks to two per hour." Follett offered the accommodations recommended by Lasisi's doctor, but Lasisi refused to accept them, insisting instead on a different position where he would not have to read e-mails or respond to users.

In response to the motion for summary judgment, Lasisi asked for more time for discovery, raising two grounds. He maintained that the judge scheduled discovery in violation of Federal Rule of Civil Procedure 26(f) because the parties had never held a discovery conference or prepared a discovery plan as required by that rule. And he contended that, although he had responded to some discovery requests, he could not respond to others because he had been extremely ill and incapacitated by his medication during the discovery period. He furnished no evidence that he had answered discovery, but he did submit a doctor's note stating that Lasisi "was unable to work intermittently from January to April 2014 due to illness (severe recurrent flare up of cluster migraines and vertigo)." The district judge denied Lasisi's request for more time and ordered him to respond to Follett's motion for summary judgment, which he did. Lasisi contended that, although Follett had provided the ergonomic chair, the company had not accommodated his other request for accommodation. He also maintained that Follett's negative assessment of his work performance was wrong because he had been given more work than other employees who held the same position. He supported his response with his own affidavit and a handful of e-mails showing that he had requested an accommodation based on the side-effects of his medication.

The case ended at summary judgment. Follett moved to strike Lasisi's evidence and statement of facts as a sanction for his failure to answer discovery, as earlier recommended by the magistrate judge. The district judge accepted the recommendation and granted the motion. With no evidence supporting Lasisi's disability claims, the judge granted Follett's motion for summary judgment on them and relinquished supplemental jurisdiction over Lasisi's state-law claims.

On appeal, Lasisi first challenges the district court's decision to sanction him by barring him from submitting evidence at summary judgment, but we see no error. District courts enjoy wide discretion in supervising discovery and deciding whether to impose sanctions for disobedience of its orders. *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012). Furthermore, Federal Rule of Civil Procedure 37 authorizes a district judge to prohibit a party from submitting evidence as a sanction for disobeying a discovery order or failing to participate in discovery. FED. R. CIV. P. 37(b)(2)(A), (d)(3). And Rule 16(f) approves the same sanction against a party who "fails to appear at a scheduling or other pretrial conference" or "to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(A), (C).

The sanction here was reasonable. Lasisi repeatedly failed to attend hearings despite warnings from the court that this behavior invited the dismissal of his suit. Lasisi now asserts that he did not receive notice of those hearings. But he not only failed to raise this assertion before the district court, he also did not mention it until his reply brief on appeal, so it is waived. *See Alam v. Miller Brewing Co.*, 709 F.3d 662, 668 n.3 (7th Cir. 2013). Lasisi also repeatedly defied the court's orders by refusing to answer discovery. He responds that illness explains his prolonged disobedience, but Lasisi needed to substantiate that excuse, *see Moffitt v. Ill. State Bd. of Educ.*, 236 F.3d 868, 874–76 (7th Cir. 2001); *Hunt v. City of Minneapolis*, 203 F.3d 524, 528 (8th Cir. 2000), and he did not. His doctor's note merely says that he "intermittently" could not "work"; it does not suggest that he could *never* answer questions or furnish documents. The district court therefore permissibly found that Lasisi repeatedly and inexcusably flouted the rules of discovery, and imposed a sanction that was both authorized and reasonable. *See Collins v. Illinois*, 554 F.3d 693, 696–97 (7th Cir. 2009).

Lasisi next argues that Follett misled the judge into sanctioning him by lying when it stated that he hadn't responded to discovery requests. He refers in his appellate brief to two items not in the district court's record: a document that he says he sent to Follett in response to the company's request for production and a voicemail recording from opposing counsel's secretary that he says shows that he *did* make himself available for a deposition. We cannot, however, consider materials that are not in the record. *See McInnis v. Duncan*, 697 F.3d 661, 664–65 (7th Cir. 2012); *Hernandez v. HCH Miller Park Joint Venture*, 418 F.3d 732, 736 (7th Cir. 2005); *McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 795 (7th Cir. 1997). But even if we were to consider these materials, they do not show that the court erred. The record does not show that the document Lasisi has submitted on appeal was ever sent to Follett in response to its request for production. And the

recording, as best we can tell, is a voicemail from Follett's attorney's secretary telling Lasisi that the company would not schedule a deposition until he responded to its interrogatories. Thus it provides no basis for concluding that he properly made himself available.

Lasisi next argues that the district court denied him "due process" by scheduling discovery despite the parties' failure to hold a discovery conference under Rule 26(f). But it is the *parties'* responsibility to arrange a conference. *See* FED. R. CIV. P. 26(f)(2) ("The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference . . . ."). Furthermore a district judge may issue a scheduling order without first receiving the parties' report under Rule 26(f) so long as the judge consults "with the parties' attorneys and any unrepresented parties." FED. R. CIV. P. 16(b)(1)(B). Lasisi was present when the judge set the discovery schedule, and nothing in the record suggests that, at the time of that hearing, he objected to the absence of a conference under Rule 26(f).

Lasisi next contends that the district court abused its discretion when it refused to give him more time to complete discovery. But he did not move for an extension until two weeks after the discovery deadline had passed, so the court's refusal to grant the extension was reasonable. *See Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 850–51 (7th Cir. 2002). Lasisi replies that his illness explains his delay. But the discovery period was four months long, and he offers no reason why he could not have asked for an extension during that time. As shown by his amended complaint, which he filed a week before the discovery deadline, Lasisi *was* capable of communicating with the court even at a time that his doctor said he sometimes could not "work." Accordingly the district court did not err in denying his request for more time. *See Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994) (concluding that district court's dismissal for failure to prosecute was not abuse of discretion, despite plaintiff's contention that he had legitimate medical excuse, given inconsistencies in plaintiff's story and history of delay).

Lasisi's two remaining arguments challenge the district court's award of summary judgment. The first argument is a procedural one; Lasisi contends that the district court should have barred Follett from submitting evidence at summary judgment because, he says, the company did not make the initial disclosures required by Rule 26(a). But even assuming that Follett failed to make these disclosures, Lasisi does not explain how he was harmed by the failure. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 856–58 (7th Cir. 2003). In any case, Lasisi did not raise this argument before the district

court, so it is forfeited. *See HyperQuest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 382–83 (7th Cir. 2011); *Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819–20 (7th Cir. 2006).

Lasisi next maintains that the district court substantively erred when it ruled that no reasonable jury could find that Follett violated the ADA. But as plaintiff, Lasisi bears the burden of furnishing evidence of a violation, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986), and with the sanction intact, he could submit none. Moreover, Follett's evidence shows no basis for liability on the ground of failure to accommodate or unlawful adverse action. First, the company granted his two accommodation requests by providing an ergonomic chair and modifying his work tasks. Lasisi responds that he wanted to be reassigned, but he provided no explanation why that was necessary. Reassignment to a vacant position is sometimes a reasonable accommodation under the ADA. *See E.E.O.C. v. United Airlines, Inc.*, 693 F.3d 760, 761 (7th Cir. 2012). But Follett cannot be liable for refusing to reassign Lasisi because he failed to justify the accommodation request with evidence of its necessity. *See Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701–02 (7th Cir. 2014); *Hoppe*, 692 F.3d at 840. Moreover, the record contains no evidence of a vacant position for which Lasisi was qualified. Second, the company supplied evidence that it disciplined and fired Lasisi for the legitimate reason of his poor performance in the year leading up to his firing. Lasisi responds that the timing of the company's final negative evaluation of his performance, which was contemporaneous with his request for reassignment, is evidence of pretext. On the facts of this case, however, an assertion of suspicious timing does not raise a genuine issue of pretext. *See Martino v. W. & S. Fin. Group*, 715 F.3d 195, 204–05 (7th Cir. 2013); *Harper v. C.R. England, Inc.*, 687 F.3d 297, 313 (7th Cir. 2012).

AFFIRMED.