**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 26, 2019[*]
Decided February 26, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-3025

| | |
|---|---|
| STEVEN R. SCHMIDT, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 18-CV-863-JPS |
| | |
| WATERSTONE BANK SSB, | J.P. Stadtmueller, |
| *Defendant-Appellee.* | *Judge.* |

## O R D E R

Steven Schmidt filed this action alleging that WaterStone Bank discriminated against him in the terms and conditions of his mortgage because of his disability. The Bank moved to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim for relief. The district court concluded that it lacked subject-matter jurisdiction over Schmidt's suit because, as it understood his complaint,

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Schmidt and the Bank both are citizens of Wisconsin and because Schmidt had not identified a federal law at issue. Schmidt appeals.

Our account of the facts comes from Schmidt's complaint. *See Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1035 (7th Cir. 2018). Schmidt lives in Wisconsin, and WaterStone Bank is a Wisconsin state savings bank, a type of Wisconsin corporation. The Bank holds a mortgage on Schmidt's property. Schmidt made two payments of $9,800 in in 2016, but the Bank credited him for just one. In 2018, the Bank refused to work with Schmidt to modify his loan, although he had never missed a payment. Schmidt added that the Bank misled him about the terms of his mortgage, which he recently was told "is not considered an FDIC, FHA, Fanny Mae, Freddie Mac or a Conventional mortgage loan," despite the Bank's representations to him that it is. Schmidt lives with a disabling blood disorder, and the Bank is aware of his disability from the income paperwork that Schmidt filed to receive the mortgage. Schmidt asserts that the Bank's actions are part of an "ongoing fraud scheme to foreclose on [his] house" and he says he is "being treated differently due to [his] disability."

The Bank moved to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim. It asserted that Schmidt and the Bank were citizens of Wisconsin, so Schmidt could not invoke federal jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. And the court did not have federal question jurisdiction, the Bank insisted, because Schmidt had not identified any federal law or constitutional provision that the Bank had violated, and the Bank could hypothesize none. *See* 28 U.S.C. § 1331. Alternatively, the Bank asked that the court order Schmidt to provide a more definite statement. FED. R. CIV. P. 12(e). Schmidt responded, asserting that the court "has [f]ederal [j]urisdiction by FDIC, FHA, Fanny Mae, Freddie [M]ac …, this case also involves handicapped disabled person discrimination." But the district court agreed with the Bank that it lacked jurisdiction because Schmidt did not "identify a federal law which would protect him from [the Bank's alleged] discrimination in the context of a mortgage," and so it dismissed the complaint without prejudice.

We review de novo a dismissal for lack of subject-matter jurisdiction. *See Baylay*, 881 F.3d at 1040. District courts have jurisdiction over civil actions "arising under" the Constitution or the laws of the United States. 28 U.S.C. § 1331. A case "arises under" federal law if the plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006); *see also Louisville & Nashville R.R. v. Mottley*,

211 U.S. 149, 152 (1908). The party invoking federal jurisdiction has the burden of establishing its existence. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009).

Here, we conclude that Schmidt invoked federal-question jurisdiction. Contrary to the Bank's and the district court's suggestions, Schmidt was not required to plead a legal theory in his complaint. *See Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014). Once the Bank moved to dismiss the complaint, however, Schmidt had an obligation to direct the judge to the legal basis for his claims. *Accord Cmty. Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 825–26 (7th Cir. 2018). Schmidt fulfilled that obligation by pointing to the Fair Housing Act—which he also mentioned in his complaint—as the basis for federal jurisdiction.

Schmidt alleged that the Bank was aware of his disability and that it prevented him from altering the terms of his mortgage because of his disability. The Fair Housing Act squarely prohibits that alleged conduct, *see* 42 U.S.C. § 3605, and allows aggrieved individuals to sue to enforce their rights, *see id*. § 3613(a). Because Schmidt "properly pleaded a colorable claim arising under a law of the United States, the district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820–21 (7th Cir. 2009); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (§ 1331 invoked "by plaintiffs pleading a cause of action created by federal law"); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) (holding plaintiff stated a claim under § 3605).

Accordingly, we VACATE the judgment and REMAND the case to the district court for further proceedings.