In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2880

TERRI BASDEN,

*Plaintiff-Appellant,*

*v.*

PROFESSIONAL TRANSPORTATION, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, Evansville Division.
No. 10 CV 00002—**William T. Lawrence**, *Judge.*

ARGUED FEBRUARY 10, 2012—DECIDED MAY 8, 2013

Before RIPPLE and ROVNER, *Circuit Judges,* and COLEMAN, *District Judge.**

COLEMAN, *District Judge.* Terri Basden filed a complaint alleging that she was terminated from her employment with Professional Transportation, Inc. (PTI) in

_____

* Hon. Sharon Johnson Coleman of the Northern District of Illinois, sitting by designation.

violation of the Americans With Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA). The district court found that Basden had failed to present evidence sufficient to establish a prima facie right to the protection of either statute and granted summary judgment in favor of PTI. We affirm.

The parties do not dispute the facts underlying this action. PTI provides around-the-clock ground transportation service for railroads seeking to move their train crews from one route to another. Basden was engaged by PTI as a dispatcher on June 29, 2007. Employees at PTI's dispatch center were subject to an attendance policy that defined an incident of absenteeism as a period away from a scheduled shift for a minimum of four hours. An absence of up to five consecutive shifts for a single reason could be considered one incident. The attendance policy provided that after an employee's fifth incident within a year, a verbal warning could be given; after her sixth incident, a written warning could be given; after her seventh, a three-day suspension could be given; and after her eighth, she could be terminated. The policy did not differentiate between absences for medical reasons and other absences.

Basden had two absentee incidents in 2007, and the record does not reveal the cause of those absences. In January 2008, Basden became dizzy and fell in her home. She was treated at an emergency room, and the attending physician referred her to a neurologist after a CT scan showed abnormalities that suggested that she might have multiple sclerosis. She was absent from

work from January 14 through January 17, and this absence was treated as her third incident. She had another episode of dizziness and returned to the emergency room on February 1, which resulted in another absence and her fourth incident under the dispatch center policy. Basden was absent from March 13 through March 15, which was considered her fifth incident and prompted a verbal warning. Absences on April 7, April 8, and April 11 through April 14 were treated as a sixth incident, resulting in a written warning.

She provided a note from her physician after each of her absences, and made an appointment to see an MS specialist on June 23, 2008, the first available date. She had been assigned "closer" duties, which required more typing than the pure dispatcher role, and when she began to feel numbness in her hands, she asked to be relieved of closer assignments. The company moved her back to dispatcher, but eventually returned her to the closer duties. Basden also asked to be moved to a part-time position. The position she sought in her first request was given to another employee, but a second request was granted and she moved to part-time work on May 1, 2008.

Basden was absent again on May 22, 2008 and was suspended for three days. PTI's policy permitted an employee with at least a year's tenure to request an unpaid 30-day leave of absence. On May 23, 2008, Basden submitted a leave request form, even though she had not yet been with the company for a year. On the form, she indicated that the leave was necessary

because of "complications due to medical illness (MS)." That request was denied, and when Basden failed to return to work following her suspension, her employment was terminated. Basden's complaint alleged that her termination violated both the ADA and the FMLA. The district court entered summary judgment in favor of PTI. We review that decision de novo. *Narducci v. Moore,* 572 F.3d 313, 318 (7th Cir. 2009).

## ADA Claim

Basden claims that PTI violated the ADA when it denied her request for a 30-day leave and instead terminated her. To prevail on an ADA claim, a plaintiff must show that (1) she is disabled; (2) she is otherwise qualified to perform the essential functions of her job with or without reasonable accommodation; and (3) her employer took an adverse job action against her because of her disability or without making a reasonable accommodation for it. *Winsky v. Cook County*, 563 F.3d 598, 603 (7th Cir. 2009). To survive a motion for summary judgment, she must present the court with evidence that, if believed by a trier of fact, would establish each of the elements of her claim. *Kotwica v. Rose Packing Co., Inc.*, 637 F.3d 744, 748 (7th Cir. 2011). In the present case, Basden failed to present sufficient evidence that she was qualified to perform the essential functions of her job even with a reasonable accommodation.

An employer is generally permitted to treat regular attendance as an essential job requirement and need not accommodate erratic or unreliable attendance. *EEOC v.*

*Yellow Freight System, Inc.,* 253 F.3d 943, 948-49 (7th Cir. 2001). A plaintiff whose disability prevents her from coming to work regularly cannot perform the essential functions of her job, and thus cannot be a qualified individual for ADA purposes. *Waggoner v. Olin Corp.,* 169 F.3d 481, 484-85 (7th Cir. 1999). Her ability to come to work, or to otherwise perform the essential functions of her job, is examined as of the time of the adverse employment decision at issue. *Ammons v. Aramark Uniform Services, Inc.,* 368 F.3d 809, 818 (7th Cir. 2004). In response to an employer's motion for summary judgment, it is the plaintiff's burden to produce evidence sufficient to permit a jury to conclude that she would have been able to perform the essential functions of her job with a reasonable accommodation. *Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 863-64 (7th Cir. 2005).

As of the May 2008 termination of her employment, Basden had been told by physicians that it was likely that she had MS, but had not yet seen the specialist who made the conclusive diagnosis of her condition. The record indicates that she did not start medication for MS until July 2008.

The record does not show the extent to which that medication alleviated her symptoms. At her deposition, plaintiff testified that her condition got worse "a couple times" after she left PTI, then "leveled off." Her next employment was with a company called "Koch Originals." While the record does not explicitly detail the length of Basden's stay at Koch, her deposition testimony does suggest that her tenure was short. She recalled that she

worked at Koch during September 2008, and at her June 2010 deposition, she testified that she had just begun a new part-time position after being unemployed for approximately a year and a half. While working at Koch, Basden had a two-week absence that she attributed to MS. Even with all reasonable inferences from the foregoing drawn in Basden's favor, we cannot conclude that the evidence of her subsequent employment would permit a jury to find that the combination of leave and medication would have enabled her to return to work on a regular basis.

Basden did not present medical evidence regarding the effectiveness of her treatment. At her deposition, she testified only that at the time she requested leave from PTI, she had hoped that a diagnosis from a specialist and the use of prescription medication would allow her to return to work. In *Weigel v. Target Stores*, 122 F.3d 461, 468-69 (7th Cir. 1997), this court found that an affidavit from the plaintiff's psychiatrist stating that "there was a good chance" that she would be likely to be able to return to work with treatment was too conclusory and uninformative to support a conclusion that an accommodation would have been successful. The court affirmed summary judgment in favor of the employer because of the plaintiff's inability to establish the existence of a genuine issue of fact on the question of her status as a qualified individual with a disability. *Id.* at 469.

In the present case, Basden responded to PTI's summary judgment motion with evidence that medication improved her condition; that she had hoped for enough

improvement to return to work regularly after leave; and that she subsequently had brief employment that was interrupted by a two-week absence caused by her condition. This evidence was insufficient to support a factual finding that Basden was able to come to work regularly at the time of her termination, or that her regular attendance could have been expected following the leave she sought or with any other accommodation.

Basden contends that *Haschmann v. Time Warner Entertainment Co.,* 151 F.3d 591 (7th Cir. 1998), supports her argument for reversal of the district court, but the facts presented to the *Haschmann* court are distinguishable from those at issue here. In *Haschmann,* the plaintiff had been diagnosed before her termination with a condition that caused an "intermittent" need for leave but permitted her return to a normal work schedule thereafter. 151 F.3d at 599-600. The plaintiff's prediction of a brief need for leave was supported by her doctor. *Id.* at 601. In contrast, at the time of Basden's termination, she had no final diagnosis, no prescribed treatment, and no anticipated date by which she could have been expected to attend work regularly even if she had been granted leave.

Basden also argues that PTI failed to engage in the interactive accommodation exploration process required by the ADA and that it did not establish that the leave she sought was unreasonable. She correctly notes that an employee's request for an accommodation requires the employer to engage in a flexible, interactive process to identify a reasonable accommodation. *Beck v.*

*University of Wisconsin Bd. of Regents,* 75 F.3d 1130, 1135 (1996). Basden sought a 30-day leave that, according to PTI's policy, she would have been eligible to request with two weeks' additional seniority. Rather than engage in an interactive process, PTI denied the request for leave and terminated her. On the record presented, we cannot conclude that PTI's response to Basden's request was appropriate under the ADA.

However, the failure to engage in the interactive process required by the ADA is not an independent basis for liability under the statute, and that failure is actionable only if it prevents identification of an appropriate accommodation for a qualified individual. *Rehling v. City of Chicago,* 207 F.3d 1009, 1016 (7th Cir. 2000). Even if an employer fails to engage in the required process, that failure need not be considered if the employee fails to present evidence sufficient to reach the jury on the question of whether she was able to perform the essential functions of her job with an accommodation. *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 563-64 (7th Cir. 1996). Because there was no evidence permitting a conclusion that Basden was a qualified individual for ADA purposes, the district court correctly entered summary judgment for PTI on her ADA claim despite any shortcomings in PTI's response to her request.

## FMLA Claim

Basden also sought relief from PTI for interference with her FMLA rights. It is undisputed that Basden was

terminated before she had been employed by PTI for 12 months. According to the statute's explicit terms, employees without 12 months of tenure are ineligible for its protection. 29 U.S.C. § 2611(2)(A)(I). Basden argues that the statute should not be interpreted to preclude relief for non-eligible employees who request leave for future periods. However, her request, made before she was eligible for FMLA protection, sought leave that would have commenced before her eligibility began. Basden cites no authority for extending the statute's protections to her situation, and arguments for such extension have been squarely rejected elsewhere. "There can be no doubt that the request—made by an ineligible employee for leave that would begin when she would still have been ineligible—is not protected by the FMLA." *Walker v. Elmore County Board of Educ.,* 379 F.3d 1249, 1253 (11th Cir. 2004). We find no basis for such extension here and hold that the district court properly granted summary judgment for PTI on Basden's FMLA claim.

For the foregoing reasons, the judgment of the district court is affirmed.