NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 14, 2017[*]
Decided June 16, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 17-1192

| | |
|---|---|
| TRACY HERTEL, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Indiana, South Bend Division. |
| *v.* | |
| | No. 3:10cv9 |
| YOLANDA MILLER-LEWIS & | |
| JULIE LAWSON | Jon E. DeGuilio, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Tracy Hertel, a former Indiana prisoner, sued the warden and property manager at St. Joseph County Jail after legal materials he had brought there were confiscated and then either lost or destroyed. The district court concluded that no jury could find that Hertel suffered an actual injury from the loss of his documents, and granted summary judgment sua sponte for the defendant jail officials. Hertel appeals. Because he has

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Rule 34(a)(2)(C).

pointed to no evidence suggesting that he was prevented from accessing the courts, we affirm the judgment.

Hertel spent two weeks in the St. Joseph County Jail before being transferred to the Indiana Department of Correction's Reception and Diagnostic Center to begin serving his sentence for drug offenses. When he was transferred, jail officials confiscated a voluminous quantity of legal materials (forty pounds' worth) he had brought with him. Among the materials were two letters that Hertel says were to serve as evidence in a legal-malpractice claim that he intended to bring against his public defender, Philip Skodinski. The first of these letters allegedly was written by Hertel and asked Skodinski to request an "appeal bond" on his behalf. The second allegedly was Skodinski's response acknowledging that he would do so. Skodinski never applied for the appeal bond and so Hertel remained in custody during his criminal appeal.

Although Hertel and the defendant jail officials agree that the legal materials are missing, their accounts of the underlying circumstances diverge. According to the defendants, property manager Yolanda Miller-Lewis and Warden Julie Lawson ensured that Hertel's family was contacted to pick up the legal materials in accordance with the jail's policy, but over time the materials were lost or misplaced. According to Hertel, Miller-Lewis told him, incorrectly, that he could not have the materials in prison and then, after his transfer, intentionally destroyed them.

Hertel thus brought this federal action under 42 U.S.C. § 1983 against Miller-Lewis and Lawson. His complaint spanned 122 pages, named more than 30 defendants, and alleged, among other things, conspiracy, defamation, and violations of his constitutional rights. The district court screened Hertel's initial complaint and subsequent amended complaint under 28 U.S.C. § 1915A, dismissing most claims and defendants but allowing Hertel to proceed on allegations that Miller-Lewis and Lawson had violated his First Amendment right of access to the courts by confiscating and destroying his legal materials. As he alleged, Miller-Lewis was responsible for the destruction of his papers, and Lawson knew of this but did nothing about it. Hertel also sued Lawson in her official capacity, alleging that she was the jail's official policymaker and had condoned a policy or custom of carelessness regarding inmates' personal effects.

Hertel then moved for summary judgment. His motion rested upon a series of requests to admit facts under Federal Rule of Civil Procedure 36 that he had sent to opposing counsel via certified mail but that had gone unanswered. He contended that

these requests for admission—which would have established that Miller-Lewis and Lawson both were personally involved in the intentional destruction of his paperwork and that Lawson had condoned a custom of such destruction—were admitted by default. Hertel also submitted his own affidavit and those of two family members, each of which described unsuccessful efforts to retrieve his legal materials from the jail. This evidence, Hertel argued, established the defendants' liability for restricting his right to access the courts.

The defendants moved to withdraw and amend the default admissions, and promptly filed their own motion for summary judgment. Hertel, they acknowledged, indeed had mailed his requests to admit to their counsel, but they pointed out that he had not filed them electronically (as required in cases involving prisoner litigants) until after the deadline for doing so had passed. Each defendant also submitted her own affidavit contradicting the key contents of Hertel's affidavits and the default admissions.

The district court denied the cross-motions for summary judgment. In reaching this determination, the court allowed the defendants to amend the admissions, but it went on to explain that conflicting evidence and credibility determinations remained over whether the defendants intentionally deprived Hertel of his legal documents (and thereby hindered his efforts to file civil lawsuits).

The defendants moved for summary judgment a second time, emphasizing that neither defendant had destroyed Hertel's paperwork intentionally and that Lawson—who, they said, was not the policymaker for the jail—could not be held liable in her official capacity. Hertel responded with much of the same evidence as before, including his own affidavits that accused Miller-Lewis of destroying his papers and Lawson of condoning such behavior. The court again denied summary judgment to the defendants, reiterating that questions of fact remained over the defendants' participation in losing Hertel's materials.

After holding a scheduling conference, the court issued an order expressing the need for Hertel to "identify the exact underlying non-frivolous legal claims he intend[ed] to pursue with respect to his access to courts claim," and directing him to "specifically identify what papers were stolen (including a description of those papers) relative to each claim" and "explain how the loss of those papers negatively impacted that particular claim."

Hertel responded, essentially restating his earlier allegations, and the court followed with a detailed, written order explaining why his claim was likely appropriate for summary judgment. The court stressed that Hertel had yet to show how he was constitutionally hindered from filing a lawsuit against Skodinski in state court at the time he filed this federal action. The court informed the parties—and Hertel explicitly, because he was proceeding pro se—that "**without admissible documentary evidence such as affidavits (as distinct from argument) to support Hertel's having been denied access to the courts to sue Skodinski for legal malpractice at the time he filed this lawsuit, summary judgment may be granted for the Defendants with final judgment entered against Hertel**."

Hertel responded by submitting a signed declaration, asserting that the confiscated paperwork, including the two letters regarding Skodinski's confirmed obligation to seek an appeal bond, was "required to prosecute an action" against Skodinski and that without those documents he did not have a "fighting chance" to press his case in state court. The defendants did not respond to the court's order.

The district court granted summary judgment for the defendants, finding that there was no genuine dispute of fact about whether Hertel was denied access to the courts in order to bring a malpractice action against Skodinski. The court acknowledged the statement in Hertel's declaration that he needed his confiscated materials to have a "fighting chance," but concluded that the declaration provided "little insight into how the Defendants prevented him from filing a complaint in state court at the time [he] learned of Skodinski's alleged legal malpractice." In the court's view, the "fatal shortcoming" in his case was that the only harm he alleged to have suffered was his "*forecasted* unsuccessful state litigation," and merely "speculative prejudice" was insufficient to establish a constitutional violation.

On appeal, Hertel first challenges the court's decision to grant summary judgment to the defendants sua sponte. But a district court may grant summary judgment on its own initiative, even on grounds not argued by the winning party, so long as the losing party is given notice and a full opportunity to respond. *Pactiv Corp. v. Rupert*, 724 F.3d 999, 1001–02 (7th Cir. 2013). This is true even for a pro se litigant such as Hertel, though again appropriate notice must be given, particularly of the need to respond with admissible documentary evidence. *Williams v. Wahner*, 731 F.3d 731, 733 (7th Cir. 2013). The district court warned Hertel accordingly, and he responded with both evidence and vigorous argument. We find nothing wrong with the procedure the district court followed.

Hertel also takes issue with the district court's conclusion that he suffered no actual injury from the loss of his legal papers. The district court, he notes, wrongly assumed that, at the time he filed his federal complaint, he still could have filed a legal-malpractice action in state court. Indiana law, he maintains, requires plaintiffs to file a "tort claim notice" within 180 days of an alleged injury when suing attorneys employed by government entities, *see Wright v. Elston*, 701 N.E.2d 1227, 1233 (Ind. Ct. App. 1998), and he filed his federal suit long after this period.

Yet other than speculating that his case against Skodinski likely would fail without evidence of their correspondence, Hertel has not explained why he did not file a timely tort-claim notice or suit against Skodinski. Speculative prejudice is not enough for an "actual injury." *See Rossi v. City of Chicago*, 790 F.3d 729, 736 (7th Cir. 2015) (plaintiff was not denied access to courts despite failure of police to investigate his case where he knew all relevant facts and could have filed complaint). To establish an access-to-the-courts violation, Hertel must show that he was kept from filing a complaint or that he actually lost a case because of the defendants' intentional actions. *See id.*; *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Snyder v. Nolen*, 380 F.3d 279, 292 (7th Cir. 2004) (Easterbrook, J., concurring). And since Hertel did not point to anything that hindered his efforts to pursue a legal-malpractice claim against Skodinski—at *any* point after he learned of the underlying facts for such a claim—he could not have suffered any such injury at the hands of the defendants.

Hertel also challenges the denial of his own, earlier motion for summary judgment, arguing that the district court should have considered the motion without regard to the defendants' cross-motion and evidence. But at summary judgment, district courts may consider any admissible evidence in the record. *See Wheatley v. Factory Card and Party Outlet*, 826 F.3d 412, 420 (7th Cir. 2016). As the district court recognized, the cross-motions in this case argued "opposite sides of the same coin"—namely, whether defendants prevented Hertel from filing a malpractice action in state court (Miller-Lewis, by intentionally losing his paperwork, and Lawson, by being complicit in her role as policymaker). The district court considered conflicting affidavits, as well as the defendants' properly amended responses to Hertel's requests to admit, and found genuine disputes of fact about the defendants' alleged culpability that could be resolved only by a jury. *See Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). And in any event, even if Hertel *had* established that Miller-Lewis and Lawson were culpable for the loss of his paperwork, he still would have had to show that this loss caused him harm, and we already have concluded that he did not do so.

We have considered Hertel's other arguments and none has merit. The summary judgment in favor of Lawson and Miller-Lewis is

AFFIRMED.