**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2020[*]
Decided May 20, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-1913

| | |
|---|---|
| ELIZABETH MOENS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 C 4073 |
| CITY OF CHICAGO, | Matthew F. Kennelly, |
| *Defendant-Appellee.* | *Judge.* |

## O R D E R

After she missed work hours over 50 times in a single year of employment, the City of Chicago fired Elizabeth Moens for absenteeism. She responded by suing the City under the Americans with Disabilities Act, alleging that she has a disability and that the City failed to accommodate it, harassed her because of it, and fired her because of it. She further stated that the City falsely told her that her final job had "career" protections. The district court entered summary judgment for the City. Moens was not qualified for

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

ADA relief because she could not perform her job's essential functions, and no evidence suggests that the City falsely stated that the job was a career position, so we affirm.

In 2001 the City hired Moens. She began as a graphics technician, a "career" position that gave her local personnel protections. The City later promoted her twice, both times to non-career positions. Between promotions, the human resources department recommended Moens for a different job (a career position), but the City never assigned it to her. When she was promoted a second time in 2010, she became a coordinator of economic development. The City later changed that job title without Moens's knowledge, but it did not change the job's duties or its classification as non-career.

Meanwhile, Moens's doctor diagnosed her with two medical conditions that affected her attendance. First, in 2013 her doctor diagnosed her with an arm injury that caused pain and restricted movement, requiring physical therapy. A year later Moens's doctor diagnosed her with anemia, which caused fatigue and required frequent doctor visits. Following these diagnoses, Moens missed work often, sometimes for therapy and doctor appointments. After supervisors reprimanded her for tardiness, leaving early, and absences, she requested and received a medical leave of absence. A few months later, Moens returned and the City granted her an accommodation to work part-time so she could address her arm pain and seek therapy outside of work hours. But the late arrivals and unexcused absences continued, and she sought and took another medical leave. When she returned, the City again granted an accommodation to work part-time, beginning at 9:30 a.m. so that she could attend morning therapy. Moens's absenteeism continued, however, so her managers tried to craft a schedule to which she could commit. But despite adjusting her schedule in 2015 to allow her to arrive by 10:00 a.m. (and at times even later) and to work part-time, over the next year Moens missed work hours over 50 times. Her supervisor twice suspended her for not complying with her accommodated schedule and fired her in May 2016 when she did not correct the problem.

Moens then sued the City, alleging that it had denied her reasonable accommodations, fired her, and harassed her based on her disability in violation of the ADA. 42 U.S.C. § 12101 et seq. She also alleged a supplemental state-law claim for fraud based on what she stated was the secret reclassification of her final job from a career position to an at-will position. The district court granted the City's motion for summary judgment. First, it ruled that Moens was not a "qualified" employee under the ADA,

given her attendance record. Then it addressed her harassment claim. She had argued that her supervisors harassed her by noting her late arrivals, not assigning her work, and not granting her more leave, but the court ruled that no evidence suggested that those actions were based on her medical conditions. Finally, her fraud claim failed because she did not hold a career position after the City had promoted her. In a later, post-judgment ruling, the district court ordered her to pay the City's costs.

On appeal, Moens argues generally that she presented evidence sufficient to defeat summary judgment on her ADA claims. To overcome summary judgment on her failure-to-accommodate and wrongful-discharge claims, Moens needed to show that she qualified for ADA protection. *See* 42 U.S.C. § 12112(a), (b)(5)(A); *Bilinsky v. Am. Airlines, Inc.*, 928 F.3d 565, 569 (7th Cir. 2019). A qualified person is one who, "with or without reasonable accommodation, can perform the essential functions" of the job. § 12111(8). As the district court correctly noted, an employee "whose disability prevents her from coming to work regularly cannot perform the essential functions of her job." *Basden v. Prof'l Transp., Inc.*, 714 F.3d 1034, 1037 (7th Cir. 2013). That is the case here. After the City offered Moens numerous accommodations—including extended leave, a shortened workday, and delayed start times—she still missed work hours over 50 times in her last year at the City. With that record of unabated absenteeism, a reasonable jury could not conclude that Moens was a qualified individual with a disability. *See id*. at 1037–39.

Next, Moens contends that her supervisors harassed her based on her disability, creating a hostile work environment, but this argument is also unpersuasive. The ADA encompasses claims of a hostile work environment. *Ford v. Marion Cty. Sheriff's Office*, 942 F.3d 839, 851 (7th Cir. 2019). But judgment for the City was proper because, as the district court noted, Moens failed to present evidence that her supervisors harassed her because of her medical conditions. *See id*. at 856. And in her appellate briefs, Moens does not cite anything suggesting that her supervisors recorded her tardiness, removed work assignments, or denied her leave requests because they were hostile to her injured arm or anemia. The evidence shows instead that they were motivated by her absenteeism and their desire to eradicate it, goals that the ADA permits. *See Basden*, 714 F.3d at 1037.

Moens then challenges the entry of summary judgment on her state-law claim, maintaining that the City fraudulently reclassified her final job from a career to a non-career position. To withstand summary judgment, Moens needed to present evidence

suggesting that the City falsely told her that this job was a career position and that she relied on that statement. *See Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, 897 F.3d 797, 805 (7th Cir. 2018) (quoting *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496 (1996)). Moens makes three points, but none is helpful. First, she cites the memo that she received from human resources, recommending her for a position with a career designation. But the City never assigned her to that role, so that memo does not show that the City lied to her about her assigned job's classification. Second, she observes that the City changed the title of her final job, but that change did not affect the job's non-career status (or even change her job). Third, Moens argues that during discovery she found a document that listed her final job (incorrectly, the City says) as a career position. But Moens admitted that she never saw this document while working for the City, so she could not have relied on it.

Finally, Moens challenges the district court's order of costs against her, arguing that she cannot afford it. The City responds that we lack jurisdiction to review the order for costs because she did not separately appeal from that order. *See Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 468–69 (7th Cir. 1999). But a notice of appeal "is not the only document that can satisfy the requirements of Appellate Rules 3 and 4." *Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 849 (7th Cir. 2012). Moens filed a motion to extend the time to file her appellate brief within 30 days of the district court's costs order, and "it clearly gives notice of [her] intent to contest that ruling," so we may review it. *Id*. Nevertheless, we will not overturn an order assessing costs to the losing party unless the court abused its discretion. *Abernathy v. E. Ill. R.R. Co.*, 940 F.3d 982, 994 (7th Cir. 2019). Moens bore the burden of showing the district court that she cannot now *and* in the future pay costs. *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). She told the court that she could not pay costs now, because her discharge from the City left her with minimal income and assets. But she did not any make predictions about the future. Therefore, the district court reasonably taxed her with costs.

AFFIRMED